IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| ROBERT WILSON DENT, | Case No. 1:23-cv-170 |
| Petitioner | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| v. | MEMORANDUM OPINION ON<br>PETITION FOR WRIT OF HABEAS<br>CORPUS |
| RANDY IRWIN, et al, | |
| Respondents | ECF No. 1 |

I.      Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner

Robert Wilson Dent ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set

forth below, Dent's petition will be denied and no certificate of appealability will issue.[1]

II.     Factual background[2]

Petitioner is a state pretrial detainee, currently incarcerated in the Berks County Jail while

awaiting trial in the Court of Common Pleas of Berks County at Case No. 1299 of 2021. Petitioner

is representing himself in those proceedings.

A review of Petitioner's state court docket indicates that he was arrested on August 13,

2020, after a traffic stop and subsequent vehicle search executed pursuant to a search warrant on

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

[2] The following factual narrative is derived from the Petition [ECF No. 1], Respondents' Answer [ECF No. 9], and the exhibits attached thereto.

his vehicle. His preliminary hearing was held on April 16, 2021, at which time the charges were held for the Court of Common Pleas. An Information was filed on May 10, 2021, charging Petitioner with two counts of Possession of a Controlled Substance.

After terminating his counsel, Petitioner filed several pro se pretrial motions, each of which was denied or dismissed. Several interlocutory appeals relating to these orders appear to remain pending.

Amid these state court proceedings, Petitioner filed the instant federal habeas petition under 28 U.S.C. § 2241 on June 9, 2023. ECF No. 1. Petitioner maintains that his incarceration is unlawful because he was racially profiled, arrested and searched without probable cause or a warrant, and never afforded a preliminary arraignment. *Id.*

III.   Analysis

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). As such, a prisoner may ordinarily seek federal habeas relief pursuant to 28 U.S.C. § 2254, the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court," only after he has been convicted, sentenced, and has exhausted his remedies in the state courts. 28 U.S.C. § 2254(a) (emphasis added); *see also, e.g., Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001).

While § 2254 applies to post-trial challenges, a state criminal defendant seeking relief *before* a state judgment has been rendered may proceed pursuant to the more general habeas corpus statute, 28 U.S.C. § 2241, in very limited circumstances. In pertinent part, § 2241 provides that the writ of habeas corpus is available to a petitioner who is "*in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2241(c)(3) (emphasis added).

2

This language provides a state criminal defendant with a mechanism to challenge the legality of his pre-trial confinement in a federal habeas action by arguing that he should not be in custody because, for example: (1) his upcoming trial will violate his rights under the Double Jeopardy Clause, *see, e.g., United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g., Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g., Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981). In all circumstances, the court's "jurisdiction must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 Fed. Appx. 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Importantly, state pre-trial detainees seeking federal habeas relief must first exhaust their state-court remedies. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional la . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden*, 410 U.S. at 490-91); *Moore*, 515 F.2d at 442 (no distinction between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned"). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See also Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). To that end, the United States Supreme Court has held that a petitioner must

3

"invoke *one complete round of the State's established appellate review process*" to satisfy the exhaustion requirement. *O'Sullivan*, 526 U.S. at 845 (emphasis added). It is the petitioner's burden to demonstrate that he has done so. *See, e.g., Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coady*, 251 F.3d at 488.

In the instant case, Dent has not met this burden with respect to his claim. Courts have routinely held that pre-trial detainees "should pursue the remedies available in the state court action" through pre-trial motions and, if unsuccessful, through the state appellate process. Although Dent vigorously attacks the validity of the underlying search and seizure, he has not demonstrated that he has afforded the state courts a meaningful opportunity to consider those allegations. As such, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447-48.[3]

Even if this were not the case, Petitioner's claims are not cognizable in a pre-trial § 2241 petition. *Braden*, 410 U.S. at 492-93. Courts have widely held that prosecutorial and police misconduct are insufficient grounds to justify the extraordinary remedy of a pretrial § 2241 petition. *See, e.g.*, *Duran*, 393 Fed. Appx. At 4-5 (rejecting pretrial detainee's § 2241 petition alleging a "warrantless arrest for a controlled substances violation" as an attempt to "litigate constitutional defenses prematurely in federal court") (quoting *Moore v. DeYoung*, 515 F.2d 437,

---

[3] *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n. 4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448. *See also* Brian R. Means, Postconviction Remedies, § 10.3 Westlaw (database updated July 2020).

445 (3d Cir. 1975)); *Robinson v. Harper*, 2020 WL 2573352, at *5 (W.D. Pa. Apr. 28, 2020) (stating that "prosecutorial misconduct, and perjury by the police officers in the course of [a] preliminary hearing and lying by the police officers in their affidavits of probable cause and improprieties in the proceedings before the state magisterial district judge . . . have not been found sufficient to constitute 'extraordinary circumstances' or 'special circumstances' within the meaning of Section 2241 jurisprudence") (collecting cases); *Lawson v. Warren*, 2021 WL 4206296, at *2 (D.N.J. Sept. 16, 2021) (state court pretrial detainee may not use § 2241 to "simply attempt[] to pre-litigate his defenses in this court prematurely"). Because Petitioner has not presented claims for which the Court may exercise pre-trial habeas jurisdiction, his § 2241 Petition may be denied on that basis as well.

IV.    Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied. And, because jurists of reason would not find this disposition to be debatable, a certificate of appealability is likewise denied.[4] Said denial is without prejudice to Petitioner's right to timely file another habeas petition (under either 28 U.S.C. § 2254 or § 2241, as the circumstances warrant) if he properly exhausts his available state-court remedies and satisfies any other applicable procedural prerequisites.

---

[4] *See, e.g., Reese v. Pennsylvania*, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (collecting cases for the proposition that the certificate of appealability requirement applies to Section 2241 petitions filed by state pre-trial detainees); *Moore v. Westmoreland County District Attorney's Office*, 2020 WL 6322817, at *1 n. 1 (W.D. Pa. Oct. 28, 2020) (same).

DATED this 6th day of February, 2024.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge